**GENERAL MOTORS ACCEPTANCE CORPORATION, Respondent,**

v.

**CITY OF ST. LOUIS, Appellant.**

No. 47559.

Missouri Court of Appeals,
Eastern District,
Division Seven.

Dec. 27, 1983.

James J. Wilson, Julian Bush, St. Louis, for appellant.

Hawk & Mattingly, James E. Hawk, Jr., Clayton, for respondent.

CRIST, Judge.

City of St. Louis Ordinance 17.56.010 specifies various causes for which a motor vehicle may be removed by the city and impounded. The ordinance further provides: "Before the owner or person in

charge of such vehicle shall be permitted to remove it from the custody of the police department, he shall furnish evidence of his identity and proof of ownership, shall sign a release, shall clear any traffic or parking fines or exhibiting summons indicating future court dates for hearings on such offenses and shall pay the costs of towing the vehicle and storage charges, if any." "Owner" is defined to include those who possess a security interest or lien on the property.

Plaintiff held a perfected security interest in a 1977 automobile. See § 301.600 *et seq.* RSMo 1978. The debtor reported to police he had been robbed, at gunpoint, of the car. The police located the missing vehicle the following day minus its tires, wheels, and rear seat. The debtor was notified of the car's recovery and requested it towed.

Defendant informed both debtor and plaintiff it had impounded the car "as abandoned, derelict, or illegally parked or for other cause" and was awaiting a claimant. The letters detailed the preconditions pertaining to the car's release established by the city ordinance cited above.

Meanwhile, debtor had defaulted on the loan and plaintiff sought to take possession. It filled a petition for replevin and after posting bond was granted a delivery order. See Rule 99. Defendant thereafter moved for a pre-trial possession hearing and for the costs involved in towing and storing the car. Defendant also counterclaimed seeking a declaratory judgment as to whether plaintiff need comply with the city's ordinance governing release of impounded vehicles. The trial court denied a hearing on pre-trial possession, sustained plaintiff's motion for summary judgment, and dismissed with prejudice defendant's counterclaim. We reverse and remand.

Defendant contends plaintiff was not entitled to possession of the automobile as a matter of law due to non-compliance with the applicable city ordinance. Other than the ordinance it cites no authority for this proposition.

■ Perfection of a security interest in a motor vehicle does not apply to or affect "a lien given by statute to the United States, this state, or any political subdivision of this state." Section 301.650(2) RSMo 1978. By statute, municipalities may establish ordinances concerning rules of the road or traffic regulations necessary to meet their needs and traffic conditions. Section 304.-120 RSMo 1978. The ordinance may not be contrary to or in conflict with the provisions of Chapter 304 relating to traffic regulation.

■ The parties do not question the validity of the city ordinance concerning preconditions to release of impounded vehicles. The dispute concerns the applicability of the ordinance to the holder of a valid security interest following default. Plaintiff argues its perfected security interest gives it a superior right to possess the vehicle and relies upon the priorities established by § 430.040, RSMo 1978, making a lien for storage of a motor vehicle subordinate to a prior valid lien created by a financing statement. Its reliance is misplaced.

The state, by statute, has developed a scheme for disposing of unattended vehicles on the right-of-way of highways. The statute authorizes any member of the state patrol or sheriff to have such vehicle towed and stored. More importantly, the statute expressly attaches liability for towing and storage, as well as other preconditions similar to the city ordinance, on the holder of a security interest in default before that party may gain possession of the vehicle. Section 304.155 RSMo 1978. See also § 304.157 RSMo Supp.1982.

The city ordinance in the present case is consistent with and complementary to the state statute. Furthermore, the ordinance has been enacted under power specifically delegated by state statute. See § 304.120. See also, *Wilson v. City of Waynesville,* 615 S.W.2d 640, 642 (Mo.App.1981). We hold a lien created by ordinance pursuant to the delegation of such authority by statute amounts to a lien given by statute to a political subdivision of this state. The ordinance, therefore, giving the city a right to

**410**

possess an impounded vehicle until certain preconditions are met is unaffected by the perfection of a security interest in a motor vehicle. Section 301.650(2). As such, defendant retained a superior right to possess the automobile in the present replevin action and the trial court erred as a matter of law in entering summary judgment in plaintiff's favor.

We remand, however, for the trial court to conduct an evidentiary hearing on defendant's counterclaim seeking a declaratory judgment as to the manner in which plaintiff must satisfy the conditions in the ordinance. At oral argument, plaintiff's counsel suggested it could not supply adequate proof of ownership until it took actual possession of the vehicle. Defendant's counsel suggested alternatives. Lacking an evidentiary record before us, however, we are unable to determine whether the conditions in the ordinance may be unreasonable as applied to a security holder.

Judgment reversed and remanded for further proceedings consistent with this opinion.

DOWD, C.J., and PUDLOWSKI, J., concur.